92 F.3d 1194
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Nancy G. McGEE, Defendant-Appellant.
 No. 95-30319.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted July 10, 1996.
Decided July 31, 1996.
 
 1
 Before: GOODWIN and BRUNETTI, Circuit Judges, and KING,* District Judge.
 
 
 2
 MEMORANDUM**
 
 
 3
 Nancy G. McGee appeals the 21 month prison sentence imposed by the district court. Pursuant to a plea agreement, McGee pled guilty to count two of the superseding indictment, unlawfully transporting and causing to be transported in interstate commerce stolen goods, wares, and merchandise of a value in excess of $5,000, knowing the property to have been stolen, in violation of 18 U.S.C. §§ 2 and 2314.
 
 
 4
 McGee was a member of a criminal enterprise that stole computer systems and related items from businesses. The stolen items were sold to individuals for cash. McGee was one of these individuals, and in turn, sold the computers as used equipment or dismantled them to build customized computer units at her in-home computer store. She knew that the computers were stolen and dealt with various members of the Harris group who stole the equipment. She only bought IBM computers, rejected MacIntosh computers, did not buy every computer that was offered to her, and could not process the equipment as fast as she received it.
 
 
 5
 I. PERSON IN THE BUSINESS OF RECEIVING AND SELLING STOLEN PROPERTY.
 
 
 6
 McGee argues that the district court erred by enhancing her offense level by four levels for being a person in the business of receiving and selling stolen property pursuant to U.S.S.G. § 2B1.1(b)(5)(B). U.S.S.G. § 2V1.1(b)(5)(B) provides the specific offense characteristic: "[i]f the offense involved receiving stolen property, and the defendant was a person in the business of receiving and selling stolen property, increase by 4 levels." U.S.S.G. § 2B1.1(b)(5)(B). In United States v. Zuniga, 66 F.3d 225 (9th Cir.1995), this court adopted the totality of the circumstances test. Under the totality of the circumstances test, the sentencing judge undertakes a case by case approach with emphasis on the regularity and sophistication of a defendant's operation. Id. at 228. Given the regularity and sophistication of McGee's operation, the district court did not err in finding that McGee was a person in the business of receiving and selling stolen property and by enhancing McGee's offense level by four levels.
 
 
 7
 II. RELEVANT CONDUCT.
 
 
 8
 The district court adopted the Probation Office's presentence report calculation of the amount of loss caused by the conspiracy during the time that McGee was involved. McGee argues that the district court erred in its relevant conduct calculation by finding that she was responsible for all of the relevant conduct of the entire conspiracy from January, 1992 through April, 1993, and contends that the offenses of the others in the conspiracy were not reasonably foreseeable and were not within the scope of her agreement. The district court's findings that McGee was active in the conspiracy from February, 1992 to April, 1993 and that she could have reasonably expected that there were other people involved in the conspiracy, and its calculation of the amount of the loss based on the presentence report were not clearly erroneous.
 
 
 9
 AFFIRMED.
 
 
 
 *
 Samuel P. King, Senior United States District Judge for the District of Hawaii, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Circuit Rule 36-3